Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TIFFANIE M. BROWN, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>CONVERGENT OUTSOURCING, INC. and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Tiffanie M. Brown, by way of Class Action Complaint against Defendant, Convergent Outsourcing, Inc. and John Does 1 to 10 says:

## I.   NATURE OF THE ACTION

1. Plaintiff brings this action for damages against Defendant arising from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendant violated the FDCPA by collecting or attempting to collect unlawful collection costs from Plaintiff and numerous other New Jersey consumers when such fee is neither expressly authorized by the agreement creating the debt nor permitted by law.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district.

### III.  PARTIES

5. Plaintiff, Tiffanie M. Brown ("Plaintiff" or "Brown"), is a natural person residing in Essex County, New Jersey.

6. Defendant, Convergent Outsourcing, Inc. ("Defendant" or "Convergent") is foreign corporation with its principal place of business at 800 SW 39th Street, Renton, WA 98057.

7. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV.  FACTS

**A. Background**

8. Defendant is not in the business of extending credit, selling goods or services to consumers.

9. Defendant regularly collects or attempts to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

10. Defendant is in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

11. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or

alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

12. Defendant is engaged in the collection business.

13. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation arising from a Verizon Wireless account ("Debt" or "Account").

14. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

15. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

16. Defendant contends that the Account is past-due and in default.

17. At some point after Plaintiff's alleged default, the original creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendant for collection.

18. The Account was past-due and in default when it was placed with or assigned to Defendant for collection.

19. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

**B. Unlawful Collection Cost**

20. At all times relevant hereto, Defendant was engaged in conduct that was part of a scheme or business of making or collecting illegal collection costs from Plaintiff and other New Jersey consumers.

21. In an attempt to collect the Debt, Defendant mailed a collection letter to Plaintiff on July 7, 2016 (the "Convergent Letter"). A true copy of the Convergent Letter, but with redactions, is attached as ***Exhibit A***.

22. The Convergent Letter is the first written communication Plaintiff received from Defendant regarding the Account.

23. On information and belief, the Convergent Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendant and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

24. The Convergent Letter states:

| | |
|---|---|
| Settlement in Full: | $253.40 |
| Principal: | $613.57 |
| Collection Cost: | $110.44 |
| Total Balance: | $724.01 |

25. The "collection cost" of $110.44 was an anticipated compensation for collecting the Debt.

26. The "collection cost" of $110.44 was a contingent fee agreed to by Defendant and the creditor when the entire balance of the Debt was collected by Defendant.

27. Defendant was entitled to the "collection cost" of $110.44 if and only if the entire balance was collected by Defendant.

28. Since Defendant had not collected the entire balance, Defendant was not entitled to the "collection cost" of $110.44.

29. Upon information and belief, the "collection cost" of $110.44 bears no relation to the costs actually incurred by Defendant or the creditor in their attempts to collect the Debt. It is highly improbable that Defendant had incurred $110.44 for sending the initial Convergent Letter.

30. The inclusion of the "collection cost" of $110.44 intended to falsely convey that Defendant is legally and/or contractually permitted to charge $110.44 for collection costs when in fact such a fee/cost is neither authorized by contract nor permitted by law.

31. The inclusion of the "collection cost" is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that the balance was already assessed a $110.44 "collection cost" charge and therefore increased, when in fact such a fee/cost is neither authorized by contract nor permitted by law.

32. Defendant includes the "collection cost" of $110.44 to inflate the balance of the Account.

33. The representations on the letters are materially false, deceptive, and misleading in that, *inter alia*, it falsely states that Defendant is legally and/or contractually allowed to charge and collect the "collection cost" of $110.44 at the time the Convergent Letter was sent.

34. Defendant intended that the materially false statements contained on its letters would cause Plaintiff and other similarly situated consumers confusion about the exact amount of money they allegedly owed.

35. The additional $110.44 "collection cost" constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt.

36. The additional $110.44 "collection cost" constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by law.

37. Defendant's characterization of the additional $110.44 "collection cost" is false, deceptive, and misleading in that it is well in excess of the actual amount, if any, Defendant incurred with respect to its collection efforts, i.e., sending one collection letter.

38. Defendant's characterization of the additional $110.44 "collection cost" is false, deceptive, and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount, if any, of the fee.

39. Defendant's characterization of the additional $110.44 "collection cost" is false, deceptive, and misleading in that Plaintiff understood it to mean, as would the least sophisticated consumer, that Defendant is legally entitled to charge or collect the fee when, in fact, it is not legally or contractually entitled to do so.

## V. POLICIES AND PRACTICES COMPLAINED OF

40. It is Defendant's policy and practice to send written collection communications, in the form exemplified by Exhibit A, which violates the FDCPA by:

   a. Making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; and

   b. Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law.

41. Defendant used the policies and procedures described above to Plaintiff and numerous other New Jersey consumers.

## VI. CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

   **Class**: All natural persons with an address within in the State of New Jersey to whom, from July 6, 2016 through the final resolution of this case, Defendant sent one or more letter(s) in an attempt to collect a debt, which contained a "collection cost" or a collection charge.

44. Plaintiff seeks to recover statutory damages, actual damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

45. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

46. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    a. Whether Defendant are debt collectors under the FDCPA;

    b. Whether Defendant's collection and attempted collection of $110.44 in "collection costs" violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1); and

    c. Whether Plaintiff and the Class are entitled to statutory damages and actual damages.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

48. Plaintiff's claims are typical of the claims of the members of the Class.

49. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

50. Plaintiff does not have interests antagonistic to those of the Class.

51. The Class, of which Plaintiff is a member, is readily identifiable.

52. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

53. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

54. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VII. FIRST COUNT: VIOLATIONS OF THE FDCPA

55. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

56. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

57. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

58. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

59. The Letter, copy of which appear as Exhibit A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

60. The letters, which are the same or similar in form to Exhibit A, sent by Defendant to other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

61. The Convergent Letter and the letters that are the same and similar in form to the Letter were sent by Defendant to Plaintiff and those similarly situated in an attempt to collect the debts.

62. Defendant's use of the written communications in the form attached as Exhibit A sent to Plaintiff and those similarly situated, violated the FDCPA in one or more of the following ways:

a. Defendant made false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

b. Defendant made false representations of the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A);

c. Defendant made false representations that services rendered or compensation may be lawfully received, in violation of 15 U.S.C. § 1692e(2)(B);

d. Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

e. Defendant used false representations or deceptive means to collect or attempt to collection a debt, in violation of 15 U.S.C. § 1692e(10).

f. Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

g. Defendant attempted to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1); and

h. Defendant failed to properly disclose the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

63. The violations of the FDCPA described herein constitute *per se* violations.

64. Based on any one or more of those violations, Defendant is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Tiffanie M. Brown, on behalf of herself and others similarly situated, demands judgment against Defendant, Convergent Outsourcing, Inc., as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of the Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1);

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## IX. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff and the proposed class*

Dated: July 6, 2017